UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEVIN LAMAR PITTS** | **CIVIL ACTION NO. 21-0039** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **JERRY GOODWIN** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Kevin Lamar Pitts, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on December 24, 2020. Petitioner attacks his theft-of-a-firearm conviction and the four-year sentence imposed by the Fifth Judicial District Court, Franklin Parish.[1] For reasons below, the Court should dismiss this Petition as untimely.

### Background

On August 1, 1996, Petitioner pled guilty to theft of a firearm, and the trial judge sentenced him to four years of imprisonment. [doc. # 1, pp. 1-2]. Petitioner did not appeal. *Id.* at 2.

Petitioner maintains that he filed a "motion for patent error review" before "the trial court, the Louisiana Court of Appeals, Second Circuit (52,964964-KH), and the Louisiana Supreme Court (2020-KH-00006)." *Id.* at 7. He filed the motion before the trial court on May 11, 2018. [doc. #s 4-1, p. 14; 9, p. 1; 9-1, pp. 2, 15]. "Because the Fifth Judicial District Court had not answered in a year, [Petitioner] filed a Writ of Mandamus into the Louisiana Court of

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Appeal, Second Circuit, which was granted—directing the trial court to enter a dispositive order within 30 days. [sic]." [doc. #s 9, p. 1; 9-1, p. 9]. The trial court denied the motion on September 5 or 9, 2019. [doc. #s 4-1, p. 14; 9, p. 2; 9-1, p. 19].

Petitioner filed this proceeding on December 24, 2020, claiming that the bill of information for his charge was fatally defective and could "not serve as the basis of a valid prosecution." [doc. # 1, p. 5]. He claims specifically, "there is no indictment or bill of information charging me with 'theft of a firearm' . . . ." [doc. # 9, p. 3]. He asks the Court to reverse his conviction and sentence. [doc. # 1, p. 15].

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, as to subsection "B" above, Petitioner does not maintain that the State impeded him from filing an application. With respect to subsection "C," Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively

applicable to cases on collateral review. With respect to subsection "D," Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final.

Consequently, the one-year period of limitation "runs" from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

Under LA. CODE CRIM. PROC. art. 914(B), a "motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken."

Here, the trial judge sentenced Petitioner on August 1, 1996. [doc. # 1, pp. 1-2]. As Petitioner did not file a direct appeal, his conviction became final thirty days later, on August 31, 1996.[2]

Because Petitioner's conviction became final on August 31, 1996, Petitioner had one year, or until August 31, 1997, to file a federal habeas corpus petition. Petitioner did not file this Petition until, at the earliest, December 24, 2020. [doc. # 1, p. 15]. Thus, his claims are barred by the one-year limitation period unless he extended the August 31, 1997 deadline through statutory or equitable tolling or establishes, by presenting new and reliable evidence, that a fundamental miscarriage of justice excepts him from the time bar.

## I. Statutory Tolling

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is

---

[2] *See State v. Williams*, 16-32 (La. App. 5 Cir. 8/24/16), 199 So. 3d 1205, 1209 ("It is well established that a defendant may only appeal from a final judgment of conviction when sentence has been imposed.").

pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only as long as the state application remains pending, *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not file an application for post-conviction relief before the one-year limitation period expired. Consequently, he did not interrupt or toll the period of limitation. This Petition is untimely and should be dismissed absent rare and exceptional circumstances or a credible showing of actual innocence.

## II. **Equitable Tolling**

The one-year statute of limitations can be equitably tolled in rare and exceptional circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not ask the Court to equitably toll the one-year period of limitation, and nothing of record supports equitable tolling. He does not allege or suggest that the State

4

actively misled him or prevented him in some extraordinary way from asserting his rights. Accordingly, this Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless Petitioner demonstrates a fundamental miscarriage of justice.

### III. <u>Actual Innocence</u>

The fundamental miscarriage of justice exception provides that, "in the 'extraordinary case', in which a prisoner asserts a 'credible showing of actual innocence', he may overcome the time-bar, and have his claims considered on the merits." *Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)) (some internal quotation marks and other quoted sources omitted).

"To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Evidence does not qualify as 'new' . . . if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Likewise, "Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury." *Shank v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017).

"Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Davis*, 768 F. App'x at 265 (quoting *Perkins*, 569 U.S. at 386). "[A] successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). "The gateway should open only

when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Here, Petitioner does not present any evidence—much less newly-discovered evidence of actual innocence—to support a claim of actual innocence.  Petitioner cannot establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  Accordingly, Petitioner's claims remain barred by the statute of limitations.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Kevin Lamar Pitts' Petition for Writ of Habeas Corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the undersigned is recommending dismissal without ordering Respondents to answer. Petitioner may raise any arguments, or present any evidence, against dismissal during the fourteen-day objection period described below.[3]**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy

---

[3] *See Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies the limitations period *sua sponte,* it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 31st day of March, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge